O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILO CUENCA MAYA, an individual,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-01228-MEMF-E<br><br>**ORDER DENYING MOTION TO REMAND [ECF NO. 16]** |

Before the Court is a Motion to Remand filed by Plaintiff Camilo Cuenca Maya. ECF No. 16. For the reasons stated herein, the Court hereby DENIES the Motion to Remand.

/ / /

I. **Factual Allegations**[1]

Plaintiff Camilo Cuenca Maya ("Maya") is a resident of Los Angeles County, California. Compl. ¶ 2. Defendant Wal-Mart Associates, Inc. ("Wal-Mart") is a Delaware corporation doing business at 1827 Walnut Grove Avenue, Rosemead, in Los Angeles County, California. *Id.* ¶ 3.

On August 15, 2006, Maya was hired by Wal-Mart as a deli/bakery associate. *Id.* ¶ 16. On June 17, 2021, Maya suffered an injury to his left shoulder while performing duties for Wal-Mart. *Id.* ¶ 18. This injury limited Maya's ability to work, constituting "a disability." *Id.*

Maya immediately notified his supervisor, obtained medical treatment, and was issued the restriction not to lift over 30 pounds. *Id.* ¶ 19. Maya notified Wal-Mart of the restriction, but Wal-Mart did not offer accommodations nor did Wal-Mart "engage in a good faith interactive process to determine what reasonable accommodations were available." *Id.* ¶ 20.

On December 18, 2021, Wal-Mart engaged in discrimination and retaliation against Maya by terminating his employment. *Id.* ¶ 22. Such termination "was substantially motivated by [Maya's] age," (65 years old at that time) as well as by Maya's "disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities." *Id.* ¶¶ 17–25.

II. **Procedural History**

Maya filed suit against Wal-Mart in the Los Angeles County Superior Court on January 8, 2024. *See* Compl. He brings seven causes of action: (1) discrimination in violation of California Government Code Section 12940; (2) retaliation in violation of California Government Code Section 12940; (3) failure to prevent discrimination and retaliation in violation of California Government Code Section 12940(k); (4) failure to provide reasonable accommodations in violation of California Government Code Section 12940; (5) failure to engage in a good faith interactive process in violation of California Government Code Section 12940; (6) declaratory judgment; and (7) wrongful termination in violation of California public policy. *See id.* Maya seeks compensatory damages,

---

[1] The following factual allegations are derived from Plaintiff Camilo Cuenca Maya's Complaint. ECF No. 1-1 at 2–19 ("Complaint" or "Compl."). These allegations are included as background. At this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

damages for emotional distress, punitive damages, and attorney's fees, among other forms of relief. *See id.* ¶¶ 96–103.

Maya served Wal-Mart with the Complaint and summons on January 16, 2024. ECF No. 1, Notice of Removal ("NOR") ¶ 2. On February 13, 2024, Wal-Mart filed its Answer. *Id.* ¶ 3. The next day, Wal-Mart removed the action to this Court on the basis of diversity jurisdiction. *See id.* ¶ 6.

Maya filed this Motion to Remand on April 18, 2024. ECF No. 16 ("Motion" or "Mot."). On May 2, 2024, Wal-Mart filed an Opposition to the Motion, attaching a declaration from Kathy Hernandez ("Hernandez"), an employee at the Wal-Mart store at which Maya was employed, and an Exhibit A to the declaration. ECF Nos. 20 ("Opposition" or "Opp'n"), 20-2 at 1–3 ("Hernandez Declaration" or "Hernandez Decl."), 20-2 at 4–5 ("Statement of Final Pay" or "SFP").[2] Maya filed a Reply in Support of the Motion on May 9, 2024, alongside evidentiary objections to the declaration. ECF No. 22 ("Reply"); ECF No. 23 ("Objections").[3] On June 5, 2024, the Court issued a civil trial order setting a trial date for November 10, 2025. ECF No. 31.

On August 21, 2024, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 39; *see also* C.D. Cal. L.R. 7-15.

### III. Applicable Law

The "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

One possible basis for removal of state action is diversity jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The defendant seeking removal

---

[2] Because Wal-Mart filed the Hernandez Declaration and Statement of Final Pay (Exhibit A to the Declaration) under the same attachment in the CM/ECF, No. 20-2, the Court cites to the Declaration as CM/ECF pages 1 to 3 and the Statement of Final Pay as CM/ECF pages 4 to 5.

[3] The Court was dismayed by the tone adopted by counsel in their briefing and reminds counsel of their obligation under this Court's Civil Standing Order, to abide by the Central District of California's Civility and Professionalism Guidelines, which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

In cases where "the amount in controversy is not clear on the face of the complaint . . . the defendant must submit summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)) (internal quotations omitted). The defendant has met its burden if it can establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996)).

**IV.    Discussion**

The first requirement for diversity jurisdiction has been met: neither party disputes the fact that Maya is a citizen of California, Wal-Mart a citizen of Delaware and Arkansas, and thus that complete diversity is present. Opp'n at 3. The parties' dispute on remand concerns the second requirement for diversity jurisdiction: an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Because the Complaint does not state the specific amount of damages sought, *see* Compl. at 17, both parties have posited different estimates of the matter in controversy, *see* NOR at 5; *see* Mot. at 5. Maya maintains that removal is improper because Wal-Mart failed to meet its burden in establishing the amount in controversy, *see* Mot. at 4, while Wal-Mart contends that its calculated estimate of the amount in controversy is reasonable and sufficient to satisfy the minimum bar, *see* Opp'n at 4–5. As further detailed below, the Court finds that the $75,000 requirement has been properly met.

> **A.  The evidence proffered by Wal-Mart is acceptable for the purposes of calculating the amount in controversy.**

In support of its position that the amount in controversy in the instant case exceeds $75,000, Wal-Mart relies upon the Hernandez Declaration. The Hernandez Declaration and Statement of Final Pay attached thereto reflect Maya's hourly earnings, a figure Wal-Mart relies on in calculating the potential damages in the case. SFP at 5; *see* Opp'n at 5–6 ("The foregoing calculations—based on

information provided by Walmart's Human Resources personnel—are more than adequate in establishing that the amount of controversy exceeds $75,000."). Maya objects to (1) the entire Hernandez Declaration on the basis that it lacks foundation, is vague and ambiguous, and on hearsay grounds; to (2) paragraph five of the Hernandez Declaration on the basis that is irrelevant and misleading; and to (3) the Statement of Final Pay under all of the aforementioned grounds. Objections at 2.

First, at this stage, objections for relevance are redundant and unnecessary. The evidence allowed for calculating the amount in controversy is "summary-judgment-type," and "objections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'" *Kenneth,* 199 F.Supp.2d at 1001; *Sandoval v. County of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021) (citing *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)).

Second, the hearsay objections fail because the summary judgment standard focuses on the admissibility of the evidence's contents, not its form. *Sandoval*, 985 F.3d at 666 (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)). The Hernandez Declaration and accompanying Statement of Final Pay, while inadmissible in their current form, "can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document." *Id.*

Regarding the remaining boilerplate objections, the contents of the declarations submitted by Wal-Mart are sufficient for their authentication, they are sufficiently specific and narrow, and they are not misleading. In sum, the Hernandez Declaration and the Statement of Final Pay are acceptable for calculating the amount in controversy. The Court OVERRULES all of the objections.

### B. Wal-Mart's calculations of the amount in controversy are reasonable and sufficient to meet its burden by a preponderance of evidence.

Relying on the Hernandez Declaration and the Statement of Final Pay, Wal-Mart calculated the amount in controversy to be over $75,000. *See* Opp'n at 5. In the Motion, Maya characterized Wal-Mart's Notice of Removal as "dreadfully reliant . . . on speculations," devoid of "any competent evidence to justify its argument that the amount in controversy requirement is met." Mot. at 5. Yet

even after Wal-Mart submitted further evidence of Maya's hourly earnings as a Wal-Mart employee, *see* Hernandez Decl. ¶ 5, Maya maintained that "[t]his sole document is insufficient to prove lost wages," Reply at 2. While the Court finds that Wal-Mart failed to meet its burden with respect to calculating emotional distress damages, punitive damages, and attorneys' fees, Wal-Mart's use of Maya's hourly earnings is acceptable and sufficient to prove that the compensatory damages meet the jurisdictional requirement.

"While the defendant may not merely speculate and must 'set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum,' the standard is not so taxing so as to require the defendant to 'research, state, and prove the plaintiff's claims for damages.'" *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *2 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010)). In fact, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

i. Compensatory Damages

Wal-Mart has complied with these guidelines, using admissible, summary-judgment-type evidence to support its reasonable projection of an amount in controversy greater than $75,000. In calculating the compensatory damages sought by Maya, Wal-Mart relied on the Hernandez Declaration and Statement of Final Pay, which reflect that Maya was earning $17.67/hour at the time of his termination. Opp'n at 5. Based on this figure, Maya was earning $2827/month. *Id.* In its calculations, Wal-Mart assumes that Maya has not secured new employment, an assumption that notably was not questioned by Maya, suggesting that it is conceded. *Id.*; *see* Reply. Given that a trial date has been set for November 10, 2025, 47 months will have passed since the December 18, 2021, date of termination. ECF No. 31. Using the figures above, Maya's back pay claim would have a value of $132,869 (47 months * $2827/month), well over the $75,000 jurisdictional minimum.

This sort of extrapolation has been used many times over by courts in determining whether a case meets the jurisdictional bar. *See, e.g., Garcia,* WL 2468344 at *4 (finding it permissible to add lost "wages for the estimated time between removal and trial"); *Ortega v. AT&T Servs., Inc.*, No. CV 23-8530-GW-AJRx, 2023 WL 8530002, at *2 (C.D. Cal. Dec. 8, 2023) ("the Court must take into

1  consideration not just lost wages up until the time of removal, but beyond that point as well");
2  *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) ("That the amount in
3  controversy is assessed at the time of removal does not mean that the mere futurity of certain classes
4  of damages precludes them from being part of the amount in controversy."). It is, therefore, more
5  likely than not that the compensatory damages alone would fulfill the $75,000 requirement.

6        Maya responds to these estimates by noting that Wal-Mart has "conveniently fail[ed] to
7  discuss the impact of . . . affirmative defenses" and "the real possibility of mitigation." Reply at 2.
8  As to the former—affirmative defenses—Maya declines to expound on which defenses Wal-Mart
9  has raised and how exactly those defenses would adjust the amount in controversy. While it is true
10 that "in the *few cases* involving a rule or measure of damages that limits liability, [courts] may go
11 beyond the pleadings for the limited purpose of determining the applicability of the rule or measure
12 of damages," and may consider "the applicability of a rule of law which would limit plaintiff's
13 recovery *to a 'legal certainty.'*" *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.,* 802 F.2d 362, 364
14 (9th Cir. 1986) (emphasis added), Maya is not claiming that is the case here. He has not pointed to
15 any rule of law that would limit his recovery to a legal certainty and has otherwise cited no authority
16 suggesting that affirmative defenses must be taken into account in determining the amount in
17 controversy. For this reason, the Court rejects the idea that an affirmative defense would lower the
18 compensatory damages in question.

19       As for the latter argument—mitigation—it would only be proper to consider mitigation if
20 there were allegations or evidence of mitigation. *See, e.g., Campos v. DXP Enters., Inc.,* No. 8:18-
21 cv-00103-JLS-DFM, 2018 WL 3617885, at *3 (C.D. Cal. Mar. 14, 2018) ("courts consider
22 mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying
23 the amount of mitigation") (citing *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240,
24 1243 (M.D. Fla. 2011)) (internal quotations omitted). Maya has not submitted evidence that he has
25 mitigated lost wages by obtaining post-termination employment, and no such allegations are found
26 in the Complaint. Thus, Wal-Mart's estimate of compensatory damages is reasonable.

27
28 / / /

ii. Emotional Distress Damages

In addition to meeting the $75,000 controversy minimum through compensatory damages, Wal-Mart argues that emotional distress damages (sought by Maya in the Complaint) in themselves could pass the bar as well. *See* Opp'n at 7. However, for the reasons below, the Court declines to adopt Wal-Mart's estimates of emotional distress damages.

"[T]o establish the likely amount of recoverable emotional distress damages, a removing defendant may provide evidence in the form of jury verdicts from similar cases." *Guillen v. Kindred Healthcare Operating, Inc.*, No. ED CV17–02196 JAK, 2018 WL 1183354, at *5 (C.D. Cal. Mar. 7, 2018) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). In the Notice of Removal, Wal-Mart did just this, citing to *Cosby v. Autozone, Inc.*, No. 2:08-cv-00505, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010), *Kolas v. Access Business Group LLC*, No. BC362432, 2008 WL 496470 (Cal. Superior Jan. 14, 2008), *Tiegs v. Bank of America*, No. 02CC11078, 2004 WL 903847 (Cal. Superior Feb. 11, 2004), and *Pirouzkar v. Regents of the University of California*, No. BC232698, 2002 WL 31414996 (Cal. Superior Apr. 1, 2002). NOR ¶ 18. Each of these cases involved wrongful termination based on age or disability, and they resulted in jury verdict awards for emotional distress or pain and suffering far above $75,000, ranging from $200,000 to $3,000,000. *Id.*

Maya contests this research as "completely speculative," relying on *Cable v. Merit Life Insurance Co.*, No. 2:06-cv-0804-GEB-KJM, 2006 WL 1991664, at *3 (E.D. Cal. July 14, 2006). In *Cable*, the court rejected the defendant's estimation of emotional damages on the basis that the defendant failed to analogize the extraordinary facts of the cited cases to the case at issue. *Id.* Maya argues that Wal-Mart has done the same here. *See* Reply at 3.

The Court finds that Wal-Mart has not met its burden in proving that the non-economic damages in this case would rise to an amount greater than $75,000. While it is true that Wal-Mart cited to *Cosby, Kolas, Tiegs,* and *Pirouzkar* in its Notice of Removal, Wal-Mart did not properly analogize the facts of those cases to the instant matter. *See* NOR ¶ 18. Wal-Mart merely stated that "the present case is sufficiently similar to all of the listed cases because in each case, the single plaintiff alleged disability and discrimination, wrongful termination, and emotional distress damages." Opp'n at 8. In the absence of further analysis of the facts of the listed cases—beyond the

8

simple fact that those cases involved the same cause of action as the one here—the Court finds that Wal-Mart's estimates are pure speculation.

### iii. Punitive Damages

Maya also seeks an unspecified amount of punitive damages, for which the calculation standard is the same as that above. "Where the plaintiff seeks punitive damages but does not specify a particular amount, the defendant 'may introduce evidence of jury verdicts in cases involving analogous facts' in order to establish probable punitive damages." *Mejia v. Parker Hannifin Corp.*, No. CV 17-8477-MWF, 2018 WL 582325, at *4 (C.D. Cal. Jan. 26, 2018) (citing *Simmons,* 209 F. Supp. 2d at 1033). Wal-Mart, however, fails to demonstrate that it is more likely than not that the punitive damages in this case would amount to more than $75,000.

In the Notice of Removal, Wal-Mart cited to two jury verdicts awarding punitive damages in employment discrimination cases: $60,000 in *Prasad v. University of California Davis Medical Center.*, No. 802857, 2001 WL 1808527 (Cal. Superior Jan. 1, 2001) and $40,000,000[4] in *Lane v. Hughes Aircraft Co.*, No. 801112, 1995 WL 17078750 (Cal. Superior Jul. 1, 1995). NOR ¶ 19. In the Opposition, Wal-Mart cited a $500,000 punitive damages award in *Ko v. The Square Group L.L.C. D/B/A The Square Supermarket; Ixzibit Inc.*, No. 1503030036, 2014 WL 8108413 (Cal. Superior June 16, 2014). Opp'n at 9.

Yet as it did with its analysis on non-economic damages, Wal-Mart declined to address the facts of *Prasad* and *Lane*. *See* NOR ¶ 19. Wal-Mart simply drew a parallel between this case and *Simmons* since both matters involve employment discrimination.[5] *Id.* Nor did Wal-Mart address the

---

[4] "On appeal, the judgment was reversed and remanded with directions. The punitive damages award was reduced to $5,000,000." *Lane,* 1995 WL 17078750 at *1.

[5] In refusing to properly analogize the facts of *Prasad* and *Lane* with the facts here, Wal-Mart cited to *Mejia*, arguing that "'the Court need not determine whether the cases Defendant cites are sufficiently factually analogous.'" NOR ¶ 19 (citing *Mejia*, WL 582325 at *5). As a matter of authority, *Mejia* is a District Court decision and is, therefore, non-binding on this Court. While some District Court decisions do not engage in an argument-by-sufficient-analogy analysis for award calculations, other District Court decisions have. *Compare Mejia*, WL 582325 at *5 *and Ponce v. Medical Eyeglass Center, Inc.,* No. 2:15-CV-04035-CAS, 2015 WL 4554336, at *5 (C.D. Cal. July 27, 2015) *and Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015), *with Woolsey v. State Farm General Ins. Co.*, 672 F.Supp.3d 1018, 1027–28 (C.D. Cal. 2023) *and Brusca v. Ford Motor Company*, No. 2:21-CV-06347-MEMF, 2022 WL 873676, at *5 (C.D. Cal. Mar. 23, 2022) *and Campbell v. Hartford Life Ins. Co.,* 825 F.

facts of *Ko* in its Opposition; it only listed the causes of action in that case. *See* Opp'n at 9. Accordingly, Wal-Mart's estimate is not based upon evidence and reasonable assumptions as is required, and the Court will not credit it.

          iv.   <u>Attorneys' Fees</u>

Lastly, Maya seeks attorneys' fees, which may be included in the amount in controversy if recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Maya's Complaint seeks attorneys' fees pursuant to California's Fair Employment and Housing Act ("FEHA"), which can—yet again—"be calculated by looking to other attorney's fees awards in similar cases." *Garcia,* WL 2468344 at *5. And once more, Wal-Mart's estimate is not acceptable since its has not met its burden by the preponderance of the evidence.

In its Notice of Removal and Opposition, Wal-Mart relies on *Garcia* and *Andrade v. Arby's Restaurant Group, Inc.,* 225 F.Supp.3d 1115 (N.D. Cal. 2016) for calculating the potential attorneys' fees. NOR ¶ 20; opp'n at 10–11. In *Garcia*, an unlawful termination suit on the basis of gender, the court accepted an attorneys' fees rate of $300/hour for 100 hours, amounting to $30,000. *Garcia,* WL 2468344 at *3–5.* In *Andrade*, another FEHA lawsuit, the court calculated the rate for a senior attorney at $550/hour and for a junior attorney at $350/hour. *Andrade,* 225 F.Supp.3d at 1144. The court found that the attorneys worked 87.5 hours on the case in total, bringing the attorneys' fees to $38,225. *Id.* Furthermore, Wal-Mart "anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately [Wal-Mart] will file a Motion for Summary Judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees." Opp'n at 11.

The Court rejects Wal-Mart's calculation of at least $30,000 in attorneys' fees. Not only does Wal-Mart decline to opine on any substantial similarities between this case and those in *Garcia* and *Andrade*, but Wal-Mart has also failed to show how the calculations in those cases apply here. The

---

Supp. 2d 1005, 1008 (E.D. Cal. 2011) *and Faulkner v. Astro-Med, Inc.,* No. C 99-2562, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) *and Simmons,* 209 F. Supp. 2d at 1033. Here, the Court adopts the latter line of reasoning, that argument-by-sufficient-analogy is required to satisfy the amount in controversy minimum by a preponderance of the evidence.

standard requires that Wal-Mart produce summary-judgment-type evidence to support its calculations, *Kenneth*, 199 F.Supp.2d at 1001, yet it has not put forth any evidence that Maya's attorney charges a similar rate as the attorneys in *Garcia* and *Andrade*, nor has it shown through evidence that "preparing for and responding to" pre-trial motions will "trigger significant attorneys' fees." Therefore, Wal-Mart's projections for attorneys' fees are akin to speculation.

### V.     **Conclusion**

It is more likely than not that the compensatory damages award alone could satisfy the $75,000 jurisdictional bar. Therefore, these damages establish this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court rejects Wal-Mart's calculations for the remaining items of the amount in controversy.

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: September 25, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge